# Wohlsen's Estate.

*Executors and administrators—Decedent's estates—Real estate —Sale for payment of debts—Disposition of proceeds—Payment of indebtedness on other realty—Surcharge.*

Where a testator who possessed no personalty left two tracts of land, both of which were mortgaged, and a subsequent judgment note for a sum greater than the equity in the realty was of record in trust for decedent's creditors as of the time of its entry, and a sale of one of the tracts for the payment of debts was held, under order of court, the executrix was not justified in appropriating the proceeds thereof to the payment of taxes, repairs and mortgage interest accruing on the second tract after the sale, and she was properly surcharged to such extent.

Argued June 11, 1918.   Appeal, No. 306, Jan. T., 1917, by plaintiff, from decree of O. C. Lancaster Co., Jan. T., 1915, No. 51, sustaining exceptions to adjudication in case of Anna, S. Wohlsen, Executrix of Peter N. Wohlsen, deceased, v. The Northern Trust and Savings Company, of Lancaster, Pa., Trustee for creditors in Estate of Peter N. Wohlsen, deceased.   Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING and SIMPSON, JJ. Affirmed.

Exceptions to adjudication.   Before SMITH, P. J.

From the record it appeared that Peter N. Wohlsen died on January 3, 1915, leaving no personal property but seized of two tracts of real estate.   The one, No. 340 College avenue (in the City of Lancaster), was encumbered by a mortgage of $5,000.

The other was a lot on South Marshall street (in said city), on which were erected ten dwelling houses.   This

lot was encumbered by two mortgages for $15,000 and $3,000, respectively.

Following all these mortgages was a judgment for $12,857 confessed by the decedent to the Northern Trust and Savings Co., Trustee, in trust for his creditors existing at the time the judgment was confessed.

The decedent left no personal property.

On January 28, 1915, the executrix, Anna S. Wohlsen, presented her petition to the Orphans' Court asking for the sale of property No. 340 College avenue, for the payment of the debts of the decedent.

No debts were scheduled except funeral expenses and doctor bills and the judgment in trust for creditors above referred to.

The sale was ordered and was held in pursuance thereof on February 18, 1915, and the property, No. 340 College avenue, was sold, subject to the mortgage of $5,000 encumbering it, for $2,375, and the money paid to the executrix. It is this money which forms the subject-matter in dispute.

The South Marshall street properties were not sold at the same time owing to a pending equity suit as to the decedent's title.

The executrix, who was also the sole legatee under the will, collected the rents. She applied the proceeds of sale of the property No. 340 College avenue, to the payment of the taxes, repairs and mortgage interest on the South Marshall street properties accruing after the College avenue house was sold.

The lower court surcharged the defendant to the extent of payments so made. Anna S. Wohlsen, Executrix, appealed.

*Error assigned,* among others, was in dismissing exceptions to the adjudication.

*Edwin M. Gilbert,* for appellant.

*William H. Keller,* with him *M. G. Schaeffer* and *John A. Coyle,* for appellee.

PER CURIAM, July 17, 1918:

The correct conclusion of the learned court below was that the appellant had shown nothing which justified her in appropriating the proceeds of the sale of the College avenue property to the payment of indebtedness on the Marshall street properties, and her appeal from the surcharge is dismissed, at her costs.